IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMBER MULLEN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>TEACH-BAK, LLC; TEACH-BAK CARE, INC.; PEBBLES SIMMONS, and ELAINE LOPEZ,<br><br>　　　　Defendants. | Civil Action No. _____ |

# COMPLAINT

Plaintiff Amber Mullen, by and through her attorneys, herein asserts claims against Defendants Teach-BAK, LLC, TeachBAK-CARE Corp., Pebbles Simmons, and Elaine Lopez for due but unpaid minimum wages, due but unpaid overtime wages, as well as bad faith breach of contract, quantum meruit, and unjust enrichment, showing the Court as follows:

### INTRODUCTION

1.

In this Fair Labor Standards Act action, 29 U.S.C. § 201 *et seq.*, Plaintiff Mullen seeks to recover unpaid minimum and overtime wages from her former

employers, who operate a customer service training business in Atlanta, Georgia. Ms. Mullen worked for Defendants as Director of Communications and Public Affairs for approximately 16 weeks in the summer of 2017. She regularly worked large amounts of overtime, averaging 65 hours per week. For those efforts, Defendants completely failed to compensate Ms. Mullen at all. After four months without pay, Ms. Mullen resigned from her position.

2.

In addition to her FLSA claims against all of the Defendants, she additionally brings an alternative state law minimum wage claim against all Defendants pursuant to O.C.G.A. § 34-4-6, and state law claims for bad faith breach of contract, quantum meruit, and unjust enrichment related to unpaid wages—in excess of the minimum wage—against Defendant TeachBAK-CARE Corp.

### The Parties, Jurisdiction, and Venue

3.

The jurisdiction of this Court of Plaintiff's claim under the Fair Labor Standards Act is invoked under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

This Court has supplemental jurisdiction over Plaintiff's claims that arise under the laws of the State of Georgia pursuant to 28 U.S.C. § 1367(a), as these claims are so

related to the claims upon which the Court's original jurisdiction is invoked that they form part of the same case or controversy under the U.S. Constitution.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

6.

Teach-BAK, LLC is a Georgia limited liability company.

7.

Teach-BAK may be served with process via service on its registered agent for service, Pebbles Simmons, at 180 Rivercrest Lane, Covington, Newton County, Georgia, 30016.

8.

This Court has personal jurisdiction over Teach-BAK.

9.

TeachBAK-CARE Corp. (hereinafter "Teach-BAK CARE") is a domestic 501(c)(3) non-profit corporation.

10.

Teach-BAK CARE may be served with process via service on its registered agent for service, Pebbles Simmons, at 725 Cowan Road, Covington, Newton County, Georgia, 30016.

11.

This Court has personal jurisdiction over Teach-BAK CARE.

12.

Defendant Pebbles Simmons is a natural person.

13.

Simmons resides within Newton County, Georgia and may be served with process at her residence or wherever she may be found.

14.

This Court has personal jurisdiction over Defendant Simmons.

15.

Defendant Elaine Lopez is a natural person.

16.

Lopez resides within Gwinnett County, Georgia and may be served with process at her residence or wherever she may be found.

17.

This Court has personal jurisdiction over Defendant Lopez.

18.

Plaintiff Mullen is a natural person, a Georgia resident and a former employee of Defendants.

**General Factual Allegations**

19.

Ms. Mullen worked for Defendant TeachBAK-CARE in the position of Director of Communication and Public Affairs from April 24, 2017 to August 16, 2017.

TeachBAK-CARE agreed to pay Plaintiff a salary of $80,000 annually.

20.

Throughout her employment, TeachBAK-CARE completely failed to pay Ms. Mullen any portion of her agreed upon salary.

21.

Throughout her employment, Ms. Mullen worked an average of 65 hours per week.

**Enterprise Coverage Under The FLSA**

22.

During 2017, TeachBAK-CARE—together with its for-profit sister company Teach-BAK—was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

23.

TeachBAK-CARE and Teach-BAK operate as a single integrated employer and FLSA enterprise due to their common management, interrelation of operations, centralized control of labor relations, and high degree of common ownership and financial control.

24.

During 2017, TeachBAK-CARE had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

25.

At all times material hereto, TeachBAK-CARE has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

## Individual Employer Under the FLSA

26.

Defendant Simmons was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 (d) inasmuch as she was acting directly or indirectly in the interest of TeachBAK-Care in her interactions with Plaintiff Mullen, and she controlled the terms and conditions of Ms. Mullen's employment and compensation on a day-to-day basis.

27.

At all times material hereto, Simmons was involved in the day-to-day operation of TeachBAK-CARE.

28.

At all times material hereto, TeachBAK-CARE vested Simmons with supervisory authority over Mullen.

29.

At all times material hereto, Simmons exercised supervisory authority over Mullen.

30.

At all times material hereto, Simmons exercised authority and supervision over Mullen's compensation.

31.

Defendant Lopez was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 (d) inasmuch as she was acting directly or indirectly in the interest of TeachBAK-Care in her interactions with Plaintiff Mullen, and she controlled the terms and conditions of Ms. Mullen's employment and compensation on a day-to-day basis.

32.

At all times material hereto, Lopez was involved in the day-to-day operation of TeachBAK-CARE.

33.

At all times material hereto, TeachBAK-CARE vested Lopez with supervisory authority over Mullen.

34.

At all times material hereto, Lopez exercised supervisory authority over Mullen.

35.

At all times material hereto, Lopez exercised authority and supervision over Mullen's compensation.

**Non-Exempt Employee Under the FLSA**

36.

At all relevant times, Plaintiff Mullen was an "employee" of Teach-BAK as that term is used in FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

37.

At all relevant times, Plaintiff Mullen was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

38.

At all relevant times, Plaintiff Mullen was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

39.

At all relevant times, Plaintiff Mullen was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

40.

At all relevant times, Plaintiff Mullen was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

41.

At all relevant times, Plaintiff Mullen was not employed in a bona fide executive capacity within the meaning of 29 USC § 213(a).

42.

At all relevant times, Plaintiff Mullen was not compensated on a salary basis of at least $455 per week.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE PURSUANT TO 29 U.S.C. § 206
## AGAINST ALL DEFENDANTS

43.

The allegations in paragraphs 1 through 42 are hereby incorporated by reference as if fully set out in this paragraph.

44.

At all relevant times, Plaintiff was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

45.

At all relevant times, Defendants were each Plaintiff's employer as that term is used in the FLSA.

46.

Throughout Plaintiff's employment, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

47.

Plaintiff is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

48.

Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

49.

As a result of their underpayment of minimum wages, Defendants are liable to Plaintiff for her litigation costs, including his reasonable attorney's fees, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II
### FAILURE TO PAY MINIMUM WAGE PURSUANT TO O.C.G.A. § 34-4-6 AGAINST ALL DEFENDANTS

50.

The allegations in paragraphs 1 through 42 are hereby incorporated by reference as if fully set out in this paragraph.

51.

At all relevant times, Plaintiff was an employee covered by the Georgia's minimum wage law and entitled to the minimum wage protections set forth in O.C.G.A. § 34-4-3.

52.

At all relevant times, Defendants were each Plaintiff's employer as that term is defined in O.C.G.A. § 34-2-2.

53.

Throughout Plaintiff's employment, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in O.C.G.A. § 34-4-3.

54.

Plaintiff is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with O.C.G.A. § 34-4-6.

55.

Plaintiff is entitled to liquidated damages in accordance with O.C.G.A. § 34-4-6.

56.

As a result of their underpayment of minimum wages, Defendants are liable to Plaintiff for her litigation costs, including her reasonable attorney's fees, in accordance with O.C.G.A. § 34-4-6.

## COUNT III
### FAILURE TO PAY OVERTIME PURSUANT TO 29 U.S.C. § 207
### AGAINST ALL DEFENDANTS

57.

The allegations in paragraphs 1 through 42 are hereby incorporated by reference as if fully set out in this paragraph.

58.

At all relevant times, Plaintiff was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

59.

At all relevant times, Defendants were each Plaintiff's employer as that term is used in the FLSA.

60.

At all relevant times, Plaintiff worked in excess of forty (40) hours per week.

61.

Defendants failed to pay Plaintiff at one-and-one-half times her regular rate of pay for work in excess of forty (40) hours in any workweek.

62.

Plaintiff is entitled to payment of overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

63.

Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

64.

As a result of their underpayment of overtime wages, Defendants are liable to Plaintiff for her litigation costs, including his reasonable attorney's fees, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### COUNT IV
### BREACH OF CONTRACT AGAINST DEFENDANT TEACHBAK-CARE

65.

The allegations in paragraphs 1 through 42 are hereby incorporated by reference as if fully set out in this paragraph.

66.

The agreement between Plaintiff Mullen and TeachBAK-CARE that Ms. Mullen would work for TeachBAK-CARE in exchange for a salary constituted a legally binding contract.

67.

TeachBAK-CARE failed to pay Ms. Mullen her salary in exchange for the work she performed from April 24, 2017 through August 16, 2017.

68.

TeachBAK-CARE's failure to pay Ms. Mullen her salary constitutes a breach of their agreement.

69.

As the direct and foreseeable result of this breach, Ms. Mullen has been harmed in the amount of approximately $25,000, plus interest thereon.

70.

TeachBAK-CARE intentionally and willfully breached its agreement with Ms. Mullen and has refused to honor its obligations.

71.

TeachBAK-CARE has also been stubbornly litigious and has caused Ms .Mullen unnecessary trouble and expense in connection with this matter

72.

Because of TeachBAK-CARE's bad faith, Ms. Mullen is entitled to receive her reasonable attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

## COUNT V
## QUANTUM MERUIT AGAINST DEFENDANT TEACHBAK-CARE

73.

The allegations in paragraphs 1 through 42 are hereby incorporated by reference as if fully set out in this paragraph.

74.

Ms. Mullen's performance of work for Defendant TeachBAK-CARE was valuable to TeachBAK-CARE.

75.

Ms. Mullen's performance of work for TeachBAK-CARE was at the request of Defendant TeachBAK-CARE and knowingly accepted by TeachBAK-CARE.

76.

Ms. Mullen performed work for Defendant TeachBAK-CARE with the expectation of compensation at the agreed-upon rate.

77.

It would be unjust not to require Defendant TeachBAK-CARE to compensate Ms. Mullen.

78.

Ms. Mullen is entitled to receive an amount equal to the value she conferred to TeachBAK-CARE in an amount to be determined at trial.

## COUNT VI
### UNJUST ENRICHMENT AGAINST DEFENDANT TEACHBAK-CARE

79.

The allegations in paragraphs 1 through 42 are hereby incorporated by reference as if fully set out in this paragraph.

80.

Defendant TeachBAK-CARE has been unjustly enriched by receiving, at its request, the benefit of Ms. Mullen's services at a rate of total compensation below that which she would have worked and agreed to work, and which is less than the market rate for an employee with Ms. Mullen's level of experience and skill.

81.

Ms. Mullen reasonably expected to be compensated for the work she performed for TeachBAK-CARE.

82.

Equity demands that TeachBAK-CARE be required to compensate Ms. Mullen for the work she performed for TeachBAK-CARE.

WHEREFORE, Plaintiff respectfully prays:

    (a)    Take jurisdiction of this matter;

(b)   Issue an Order holding each of the Defendants to be "employers" as that term is defined under the FLSA;

(c)   Grant a trial by jury as to all matters properly triable to a jury;

(d)   Issue a judgment declaring that Plaintiff is an employee covered by the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(e)   Award Plaintiff all due but unpaid minimum wages and liquidated damages equaling 100% of the minimum wages due Plaintiff, as required by the FLSA;

(f)   Award Plaintiff payment for each overtime hour worked during the relevant time period, calculated at one-and-one-half times her regular rate, and liquidated damages equaling 100% of the overtime wages due Plaintiff, as required by the FLSA;

(g)   Award Plaintiff prejudgment interest on all amounts owed to the extent that liquidated damages are not awarded;

(h)   Award Plaintiff nominal damages;

(i)   Award Plaintiff her reasonable attorney's fees and costs of litigation on FLSA claims pursuant to 29 U.S.C. § 216(b);

(j) Award Plaintiff judgment against Defendant TeachBAK-CARE as to her contract, quantum meruit, and unjust enrichment claims in an amount to be proved at trial;

(k) Award Plaintiff her reasonable attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11;

(l) Enter judgment for Plaintiff in an amount reflecting the award of all damages and relief requested in this Complaint; and

(m) Award any and such other further relief this Court deems just, equitable and proper.

This 9th day of October 2017,

Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

*/s/ Matthew W. Herrington*
Mitchell D. Benjamin
Georgia Bar No. 049888
Matthew W. Herrington
Georgia Bar No. 275411

3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile
benjamin@dcbflegal.com
matthew.herrington@dcbflegal.com

Attorneys for Claimant